The judgment of the court was pronounced by
Rost, J.
The plaintiff sold a steam ferry boat, a ferry flat boat and the right of keeping the ferry to defendant, who gave him three promissory notes, with his co-defendant as surety. When the first note became due this action was instituted upon it and the two others; and the plaintiff, alleging that he had just reason to fear that the defendant Hurst would conceal, part with or dispose of the boat pending the suit, and thus prevent him from recovering, any portion of his debt, obtained a writ of sequestration; under which the sheriff took possession of the boat.
Hurst moved to set aside the sequestration; and further answered, denying the allegations of the petition, except the signature of the notes, and alleging that the charter sold to him by the plaintiff had become forfeited before the sale, by various acts and omissions of the said plaintiff, by reason whereof the consideration of the notes had failed. The defendant, then assuming the position of plaintiff in reconvention, charges that the sequestration issued wrongfully, and without cause; that he was unjustly deprived of the use of his property, and that while out of his possession the steam feny boat was sunk, through the gross neglect and total want of experience of the plaintiff or of his agent; that the plaintiff neglected to take any steps to raise it; in consequence of which it is now a complete wreck. He claims five thousand dollars damages in reconvention. The other defendant adopted this defence.
The motion to set aside the sequestration failed; and the cause was tried before a jury, who returned the following verdict: “We, the jury, find for the defendant in the sum of twenty-three hundred dollars damages, to be offset by the notes of H. H. Hurst and J. S. Seibert for the sum of eighteen hundi’ed dollars given to plaintiff, and judgment for balance in favor of defendant.” Judgment was rendered accordingly, and the plaintiff appealed.
Before going to trial the plaintiff moved to strike out the plea in reconvention from the answer, which motion was overruled by the court, and he took a bill of exceptions; by his own showing he is not a resident of the parish in which he sues, and under the act of 1839 amending art. 375 C. P., the defendant may reconvene against him for any cause. It was optional with the defendant to resort to his remedy on the sequestration bond, or to proceed as he has done.
The plaintiff also took bills of exceptions to the opinions of the court admitting evidence offered by the defendant, to prove the damages he had sustained and the negligence of the sheriff, in consequence of which the boat Was lost.
*153 If, as alleged in the answer, the sequestration was wrongfully sued out, the plaintiff was from the beginning a trespasser; under that allegation the defendant may prove any fact going- to show the damage sustained by reason of the trespass, or of the want of care of the property.
The plaintiff also excepted, on various grounds, to the introduction of the testimony of James Vance, taken on a former trial. The court admitted it, to show that the defendant was satisfied with his bargain, and likely to do a thriving business, and thus to negative the grounds on which the sequestration was taken out. There can be no doubt of the admissibility of the evidence offered for those purposes.
On the merits, the case turns exclusively upon questions of fact. The defendant has satisfactorily shown, that the grounds upon which the sequestration issued were unfounded in fact; and that the only serious law suits pending against him at the time of the trial, had been instituted after the sequestration, and probably in consequence of it. fíe has also shown, that the steam ferry boat was left without any person on board at the time it sank, and that the sinking might have been prevented by ordinary care. The judgment, so far as its effect is to dispense the defendant from paying, for the boats is therefore correct. Jones v. Doles, 3d Ann. 589.
But we are of opinion that the damages assessed are excessive ; it is proved, that the boat, after it sank, and the engine in it were worth from 450 to 500 dollars. The ferry flat boat must also have been Worth something; and as the defendant retained both, and still had the right of ferry, we are of opinion, that they are sufficient to indemnify him.
It is therefore ordered, that the judgment in this case bte reversed ; and that there be judgment in favor of the defendant and appellee, with the costs of the district court; those of this appeal to be paid by him.